UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FARMER, | : | Case No. 1:14-cv-251 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SCIOTO COUNTY BOARD OF | : | |
| COUNTY COMMISSIONERS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 18) AND DENYING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 23)**

This civil action is before the Court on the Motion for Judgment on the Pleadings of Defendants Scioto County Board of Commissioners, Sheriff Marty V. Donini, and Correctional Healthcare Companies, Inc. (Doc. 18), Plaintiff Joshua Farmer's Motion for Leave to Amend Complaint (Doc. 23), and the parties' responsive memoranda. (Docs. 21, 24, 25, and 26).

### I. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff alleges that he was incarcerated at Scioto County Jail on July 7, 2012. (Doc. 1 at ¶ 10). During his incarceration, Plaintiff got a splinter in his thumb. (*Id.* at ¶ 11). He alleges that "John Doe #1"[1] gave him nail clippers so Plaintiff could remove the splinter. (*Id.* at ¶¶ 12, 14). Thereafter, sometime between July 7 and 13, Plaintiff alleges that he was started on a course of antibiotics by a physician identified as "John

---

[1] Plaintiff alleges that "John Doe #1" was a corrections officer employed by Scioto County. (Doc. 1 at ¶ 7).

Doe, M.D."[2]  (*Id*. at ¶ 15).  Plaintiff alleges that his thumb continued to swell, and that he was administered a topical antiseptic on July 14 by "John Doe #2."[3]  (*Id*. at ¶ 18).  The next day, Plaintiff alleges that his thumb was soaked in peroxide.  (*Id*. at ¶ 19).  On July 16, 2012, Plaintiff's blood pressure was checked; but there is no allegation as to whether Plaintiff's blood pressure was normal or abnormal.  (*Id*. at ¶ 20).  Plaintiff alleges that he was transported to Southern Ohio Medical Center on July 18, 2012 for lancing of the wound and antibiotics.  (*Id*. at ¶ 22).  Plaintiff alleges that he was subsequently released from the Scioto County Jail and underwent surgical removal of the end of his thumb.  (*Id*. at ¶¶ 23-24).

    Plaintiff alleges three causes of action.  The first cause of action is for a violation of 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to Plaintiff's medical needs.  (Doc. 1 at ¶¶ 41-46).  Included within this claim are allegations regarding the alleged duty of the County, the Sheriff, and the fictitiously-named John Doe, M.D. to train and supervise jail corrections officers and medical staff regarding the care of inmates.  Plaintiff's second cause of action alleges negligence against the Sheriff and fictitiously-named defendants John Doe #1 and John Doe #2.  (*Id*. at ¶ 47).  Plaintiff's third cause of action alleges medical malpractice against fictitiously-named defendant John Doe, M.D.  (*Id*. at ¶¶ 48-51).

---

[2] Plaintiff alleges that "John Doe, M.D." was a jail physician serving Scioto County at the Scioto County Jail.  (Doc. 1 at ¶ 9).  He does not allege an employment with relationship between this individual and any defendant.

[3] Plaintiff alleges that "John Doe #2" was an employee of Defendant Correctional Healthcare Companies, Inc. employed in Scioto County at the Scioto County Jail.  (*Id.* at ¶ 8).

All named defendants have timely answered the Complaint. (Docs. 10, 17).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings uses the same standard of review as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." *Vandenheede v. Vecchio*, No. 13-1253, 2013 WL 5433467, at *2 (6th Cir. Oct. 1, 2013). To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While this standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (*citing Twombly*, 550 U.S. at 555). In fact, in determining a motion for judgment on the pleadings, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'[.]" *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the claim shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

**A. Motion to Dismiss**

**1. Voluntarily Dismissed Claims**

Plaintiff voluntarily dismisses his Eighth Amendment claim under Count I and the entirety of Counts II (negligence) and III (medical malpractice). (Doc. 21 at 2 n.1).

Consequently, these claims are appropriately dismissed as a matter of law, and Plaintiff continues to maintain only his 42 U.S.C. § 1983 claims based on the Fourteenth Amendment.

**2. 42 U.S.C. § 1983 (Inadequate Medical Care)**

42 U.S.C. § 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1988).

Plaintiff alleges he was deprived of his "right to adequate medical care as a jail inmate" under the Fourteenth Amendment. (Doc. 1 at ¶ 41). Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Moreover, the Due Process Clause of the Fourteenth Amendment provides pre-trial detainees with a right to medical treatment that is analogous to prisoners' rights under the Eighth Amendment. *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005). Accordingly, Plaintiff's remaining claims are appropriately analyzed according to the requirements of the Eighth Amendment.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that individuate deliberate indifference to that need. *Id.* at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm

and fails to take reasonable steps to avoid the harm.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The first factor is an objective one such that a plaintiff must plead facts which, if true, establish the existence of a "sufficiently serious" medical need.  *Estelle*, 429 U.S. at 103.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004).  The second factor is a subjective one; the plaintiff must demonstrate that Defendants acted with "a sufficiently culpable state of mind in denying medical care."  *Estelle*, 429 U.S. at 104.  Only "deliberate indifference" to serious medical needs will implicate the protections of the Eighth Amendment.  Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  For liability to attach, Defendants must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed.  *Farmer*, 511 U.S. at 873.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).  This state of mind equates to "criminal recklessness."  *Farmer*, 511 U.S. at 837.

A prisoner has no right to choose a specific form of medical treatment, so long as the treatment provided is reasonable. *See Estelle*, 429 U.S. at 105-06. An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle*, 429 U.S. at 107. Mere disagreement as to the proper medical treatment is insufficient to state a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).[4]

---

[4] Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief, and an inmate's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *See, e.g., DeFreeze v. Zuberi*, 39 Fed. Appx. 137, 139 (6th Cir. 2002) (affirming dismissal of Eighth Amendment claim based on prison physician's failure to send prisoner for EEG or consult with a neurologist as prisoner's claim amounted to difference of opinion); *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (neither decision to prescribe treatment different from previously prescribed treatment, nor difference in opinion between prisoner and medical staff about adequacy of treatment, constitute deliberate indifference); *Palmer v. Lane*, 22 Fed. Appx. 532, 533 (6th Cir. 2001) (affirming dismissal of Eighth Amendment claim alleging inadequate treatment for diabetes leading to leg amputation. Prisoner's claim amounted only to difference of opinion with respect to treatment he received); *Thomas v. Coble*, 55 Fed. Appx. 748, 749 (6th Cir. 2003) (affirming dismissal of Eighth Amendment claim based on physician's alleged failure to treat prisoner's back pain. Court held that physician provided treatment, and prisoner could not maintain claim based on dispute over adequacy of treatment); *Burgess v. Fischer*, 735 F.3d 462, 476-78 (6th Cir. 2013) (affirming dismissal of Eighth Amendment claim when nurse provided medication and treatment for prisoner's injuries and dispute was over adequacy of treatment); *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 449 (6th Cir. 2014) (affirming dismissal of Eighth Amendment claim when nurse provided some treatment and her "failure to follow best medical practice" is not evidence of deliberate indifference); *Israfil v. Woods*, No. 1:09-cv-468, 2011 WL 8006371, at *12 (S.D. Ohio, Dec. 7, 2011) (dismissing prisoner's Eighth Amendment claim since prisoner received regular and frequent care "far in excess of that required by the relatively minimal standards of the Eighth Amendment").

With regard to the objective component of this standard, Plaintiff asserts in conclusory fashion that "Diabetes Compromised Infection" is a serious medical need. (Doc. 1 at ¶ 25). Plaintiff provides no factual support for this conclusion, nor does he allege that the subsequent amputation of the end of his thumb was caused by a diabetic infection. (*Id*. at ¶ 24). Plaintiff admits that he received treatment for his diabetes throughout his incarceration. (*Id*. at ¶ 26). As a result, the only issue becomes whether the infection in his thumb was adequately treated. Defendants took the following steps to address Plaintiff's medical complaints as alleged in the Complaint:

- Plaintiff was provided nail clippers so that he could attempt to remove the splinter (*Id.* at ¶¶ 12, 14).

- Plaintiff was prescribed a course of antibiotics. (*Id*. at ¶ 15).

- Plaintiff was provided with a topical antiseptic to treat any potential infection. (*Id*. at ¶ 18).

- Plaintiff's thumb was soaked in peroxide. (*Id*. at ¶ 19).

- Plaintiff's blood pressure was checked. (*Id*. at ¶ 20).

- Plaintiff was taken to Southern Ohio Medical Center for lancing of the wound and additional antibiotics. (*Id*. at ¶ 22).

- Plaintiff admits that at all times he received treatment for his diabetes. (*Id*. at ¶ 26).

It strains credibility for Plaintiff to claim that none of the above amounts to medical treatment. Certainly, Plaintiff cannot contend that the prescription of antibiotics, topical antiseptics, and peroxide or the decision to send him to the hospital were not treatment.

8

Plaintiff's allegations simply do not rise to the level of "deliberate indifference" to state a plausible claim under § 1983.  As stated above, deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error.  *Whitley*, 475 U.S. at 319.  An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf.  *Estelle*, 429 U.S. at 107; *see also, Hunt v. Mohr*, No. 2:11-cv-00653, 2012 WL 1537294 (S.D. Ohio, May 1, 2012) (dismissing § 1983 claim when defendants provided some treatment for plaintiff's esophagus condition and claim amounted to disagreement over proper treatment).  Whether or not Defendants prescribed the most efficacious treatment for Plaintiff's thumb is not the issue; medical malpractice does not become a constitutional violation just because the patient happens to be incarcerated.  *Whitaker v. Donini*, No. 1:09-cv-388, 2011 WL 7268171, at *9 (S.D. Ohio Aug. 29, 2011) (*citing Estelle*, 429 U.S. at 105-106).

Consequently, Plaintiff's § 1983 claims based on alleged inadequate medical care are appropriately dismissed as a matter of law.

### 3. 42 U.S.C. § 1983 (**Unconstitutional Policy, Custom, or Procedure**)

Plaintiff's official capacity claims against the Board of County Commissioners and Sheriff are essentially claims against Scioto County.  *See Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989).  Scioto County may be liable under § 1983

if it, through its officials, implemented a policy or custom that violated Plaintiff's constitutional rights. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The unlawful policy or custom must be the moving force behind the constitutional violation. *Id.* at 694.

In the Complaint, Plaintiff vaguely and conclusively alleges that the Scioto County Jail had an improper policy, custom, or procedure, and that there was no written protocol for responding to infections. (Doc. 1 at ¶¶ 28-30). Plaintiff also vaguely and conclusively alleges that the County and Sheriff failed to adequately train and supervise corrections officers and medical personnel with respect to providing medical care to inmates. (Doc. 1 at ¶¶ 29, 43). He claims that these alleged customs, policies, and procedures on medical care were the "moving force" behind his injuries. (*Id.* at ¶ 33). However, under the pleading standard represented by *Twombly and Iqbal*, Plaintiff must also allege facts that make such allegations plausible. He has not.

Even if the Court were to accept the sufficiency of Plaintiff's claims, however, because he is unable to establish that his constitutional rights were violated, the Court need not consider whether the jail's staffing or training policies might have caused such a hypothetical violation. *See, e.g., Rouster*, 749 F.3d at 453-54. Moreover, Plaintiff's own allegations regarding treatment received for his thumb belie the nonexistence of a policy to treat infections. Plaintiff admits he was prescribed antibiotics and topical treatments in an effort to ward off infection. He further admits that he was sent to the hospital when further treatment was required.

When factual allegations in a complaint are inconsistent with a claim for relief, the complaint should be dismissed for failure to state a claim upon which relief can be granted. *See, e.g., Hodell-Natco Ind., Inc. v. SAP America, Inc.*, No. 1:08-cv-02755, 2010 WL 6765522, at *4 (N.D. Ohio Sept. 2, 2010).

Consequently, Plaintiff's § 1983 claims based on an alleged unconstitutional policy, custom, or procedure are appropriately dismissed as a matter of law.

**B.     Motion to Amend**

A party may amend his pleading once as a matter of course (1) within 21 days after serving it, or (2) within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In this case, service occurred in early April and Defendants served their respective Answers on April 25 and May 15, 2014. (Docs. 10, 17). Defendants did not file a motion under Rules 12(b), (e), or (f). Plaintiff's proposed Amended Complaint was not filed until June 27, 2014, more than 21 days after the service of Defendants' Answers. Accordingly, Plaintiff may only amend with leave of court. Fed. R. Civ. P. 15(a)(2). A court need not grant leave to amend where amendment would be futile. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller*, 408 F.3d at 817 (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

11

In the present case, Plaintiff's proposed amendments fail to rescue his defective § 1983 claim from dismissal and still do not state a claim upon which relief can be granted. In a single sentence, Plaintiff moves for leave to amend "[b]ased on continuing investigation and an evolving understanding of the facts and law implicated in this matter." (Doc. 23 at 1). Plaintiff's proposed Amended Complaint, however, adds no new factual allegations whatsoever. (Doc. 22). Substantively, Paragraphs 32 and 33 of the proposed Amended Complaint have been added and allege in conclusory fashion that the Defendants' conduct violated § 1983. (*Id.* at ¶¶ 32-33). These paragraphs add no new facts and merely state conclusions of law. Plaintiff's new Count I deletes any reference to the Eighth Amendment and is predicated on the Fourteenth Amendment alone. (*Id.* at ¶ 43). The allegations contained in Plaintiff's new Count II for "Failure to Properly Train, and Supervise [sic]" were previously included as part of Count I in the original Complaint. (Doc. 22 at ¶¶ 47-49; *see* Doc. 1 at ¶¶ 45-46). Finally, Plaintiff has deleted the state law claims from his original Complaint. (Doc. 1 at ¶¶ 47-51). Instead of amending the Complaint to add factual detail and overcome the pleading deficiencies forming the basis of Defendants' Motion to Dismiss, the proposed Amended Complaint actually deletes factual detail, including the dates of Plaintiff's incarceration and treatment and certain details of the alleged treatment provided. (*See* Doc. 25 at 2).

As set forth above, to state a claim that his constitutional rights were violated based on the medical care he received while incarcerated, Plaintiff must allege (i) a sufficiently serious medical need and (ii) acts or omissions by prison officials that show

12

deliberate indifference to that need. *Estelle*, 429 U.S. at 104. Plaintiff's disagreement as to the proper medical treatment for his needs is insufficient to state a constitutional violation. *Westlake*, 537 F.2d at 860 n.5; *Alspaugh*, 643 F.3d at 169. For the same reasons discussed above, Plaintiff's allegations in his Amended Complaint do not state any cognizable claim under § 1983 and the Fourteenth Amendment. In fact, by deleting factual allegations from the original Complaint and failing to add new facts to support the allegations therein, Plaintiff actually provides less factual support for his claims.

Consequently, Plaintiff's proposed amendment is futile because his proposed Amended Complaint suffers from the same deficiencies as the original Complaint and is also appropriately subject to dismissal.

## IV. CONCLUSION

Accordingly, based on the foregoing, the Motion for Judgment on the Pleadings of Defendants Scioto County Board of Commissioners, Sheriff Marty V. Donini, and Correctional Healthcare Companies, Inc. is hereby **GRANTED**, Plaintiff Joshua Farmer's Motion for Leave to Amend Complaint (Doc. 23) is **DENIED**, and Plaintiff's claims are **DISMISSED.** The Clerk shall enter judgment accordingly, whereuopon this case is **CLOSED** in this Court.

**IT IS SO ORDERED**.

Date: 7/29/14                  *s/ Timothy S. Black*
                          Timothy S. Black
                         United States District Judge